ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2010 MAY 13 PM 3:36

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR ELLIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-001 |
| | ) | (Formerly CR 308-014) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the United States Penitentiary in Beaumont, Texas, commenced the above-captioned case ostensibly pursuant to 42 U.S.C. § 1983. However, as explained herein, Petitioner has elected to pursue this case as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be **DENIED** as **MOOT** (doc. no. 2),[1] that the § 2255 motion be **DENIED**, and that this civil action be **CLOSED**.[2]

---

[1] The motion to proceed *in forma pauperis* should be denied as moot, as there is no filing fee for § 2255 motions.

[2] Because it "plainly appears" from the motion, attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court makes its recommendation without directing a response to the § 2255 motion. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## I. BACKGROUND

Petitioner was indicted in June 1995 by a grand jury sitting in Telfair County, Georgia, on a state charge of armed robbery. (Doc. no. 4, p. 36). On October 31, 1995, he pled guilty in the Superior Court of Telfair County and was sentenced to 10 years in prison. (Id. at 17-29). Following the completion of his state sentence, Petitioner (along with 25 other defendants) was charged in an indictment issued by a grand jury sitting in the Southern District of Georgia with conspiracy to possess with intent to distribute, and to distribute, cocaine base, cocaine hydrochloride, marijuana, and ecstasy, in violation of 21 U.S.C. § 846. See United States v. Armstrong, CR 308-001, doc. no. 285 (S.D. Ga. July 10, 2008). However, Petitioner was later dismissed from this indictment in exchange for pleading guilty to an information charging him with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). See United States v. Ellis, CR 308-014, doc. nos. 1, 5 (S.D. Ga. Oct. 15, 2008) ("CR 308-014"). Following Petitioner's guilty plea, the Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to a term of fifty (50) months of imprisonment and three (3) years of supervised release. Id., doc. nos. 5, 6, 10. Notably, Petitioner's plea agreement contained a limited waiver of appeal provision, under which Petitioner "voluntarily and expressly waive[d] the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding . . . ." Id., doc. no. 5, p. 8. Accordingly, Petitioner did not file an appeal.

Instead, Petitioner reports that in August 2009, he filed a petition for a writ of error coram nobis in the Superior Court of Oconee County, challenging his state court conviction,

2

which Petitioner claims served as the basis for the federal felon in possession charge, on the grounds that the guilty plea he entered in state court was invalid because he was a minor and did not have a parent or counselor present at the time. (Doc. no. 4, pp. 2-3). Petitioner also maintained that the state court "pushed ahead without appearance of . . . counsel." (Id. at 3). Petitioner reports that his state petition was dismissed with prejudice on November 30, 2009, and that he did not appeal. (Id. at 3-5). Petitioner has now filed the instant § 2255 motion, contending that the attorney appointed to represent him in federal court, Mr. Scott Chandler Huggins, was ineffective because he did not challenge the validity of Petitioner's state court conviction, which Petitioner claims served as the basis for the federal felon in possession charge and, ultimately, his federal conviction and sentence. (Id. at 4). Petitioner also contends that Mr. Huggins was ineffective because he did not challenge enhancements to Petitioner's sentence, which Petitioner contends were based on other state charges that he was never convicted of. (See id.).[3]

## II. DISCUSSION

A. **Challenge to State Court Armed Robbery Conviction**

As noted above, while the waiver contained in Petitioner's plea agreement bars him from directly appealing both his federal conviction and sentence, it only bars him from collaterally attacking his sentence in this § 2255 action.[4] Thus, Petitioner's claim that his

---

[3]In his request for relief, Petitioner requests, *inter alia*, reinstatement of his Social Security benefits. (Doc. no. 4, p. 13). However, such relief is not available in § 2255 proceedings, and even if it were, as explained in detail below, Petitioner's claims do not provide a basis for relief.

[4]As explained in Part II.B below, this bar on collaterally attacking sentences also precludes claims that counsel was ineffective during sentencing. See Williams v. United

3

attorney was ineffective for failing to challenge his prior state court conviction is not barred by his appeal waiver. Nevertheless, Petitioner's challenge is not appropriate in this § 2255 action. While Petitioner has couched this first claim for relief in terms of ineffective assistance of counsel, the Court finds that he is essentially attempting to attack his prior state court conviction in this § 2255 action through a claim of ineffective assistance of counsel on the part of Mr. Huggins. Indeed, in his initial filing, Petitioner explicitly contended that had he not been convicted on the armed robbery charge in state court, he would not currently be incarcerated on the federal charge. (See doc. no. 1, p. 6).[5] Accordingly, he requested that the armed robbery charge and his federal conviction be dismissed and that he be "immediately released." (Id.). Petitioner has now simply altered the wording of his challenge, contending that Mr. Huggins was ineffective for not challenging the validity of the prior state court conviction. For these reasons, the Court finds that Petitioner is

---

States, 396 F.3d 1340, 1342 (11th Cir. 2005).

[5]As noted above, Petitioner commenced this action by filing a complaint ostensibly pursuant to 42 U.S.C. § 1983. However, because Plaintiff had alleged that his federal conviction was unlawful because of his wrongfully obtained state court conviction, the Court found that Petitioner was actually attempting to bring a § 2255 motion to vacate, set aside, or correct his federal sentence. (See doc. no. 2, p. 1). As required by Castro v. United States, 540 U.S. 375, 383 (2003), the Court informed Petitioner of the consequences of filing a § 2255 motion and instructed Petitioner that if he chose to proceed under § 2255, any future motions would be subject to the restrictions on "second or successive" motions. (Id. at 2). The Court also warned Petitioner that simply filing a § 2255 motion did not mean that he was entitled to the relief sought, specifically noting the limited circumstances under which a federal prisoner may attack an expired state sentence through the use of a § 2255 motion. (Id. at 2 n.2 (citations omitted)). Despite these warnings, Petitioner has indicated his intention to proceed under § 2255 by executing and returning the standard § 2255 form, as instructed by the Court. (See id. at 3).

4

attempting to attack his state court armed robbery conviction in this § 2255 action through a claim of ineffective assistance of counsel.

Notably, the Supreme Court has held as follows where a federal prisoner attempts to attack an expired state sentence through the use of a § 2255 motion:

> If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

Daniels v. United States, 532 U.S. 374, 382 (2001); see also McCarthy v. United States, 320 F.3d 1230, 1233 (11th Cir. 2003) (holding that a defendant who had unsuccessfully pursued state post-conviction remedies could not use a § 2255 motion to challenge an expired state sentence that had been used to enhance his federal sentence).

Daniels was decided in the context of a federal prisoner challenging state court convictions used to enhance his federal sentence. Here, Petitioner is challenging a state court conviction that he contends served as the basis for the federal felon in possession charge and, ultimately, his federal conviction and sentence. However, the Court is persuaded that the reasoning of Daniels applies to the instant action. In reaching its conclusion in Daniels, the Supreme Court noted its concern with the state's interest in the "integrity of its judgments." Id. at 380. The Supreme Court also noted that "a defendant convicted in state court has numerous opportunities to challenge the constitutionality of his conviction." Id. at 375. However, such "vehicles for review . . . are not available indefinitely and without limitation." Id. Accordingly, the Supreme Court concluded:

5

> Were we to allow defendants . . . to collaterally attack prior convictions through a § 2255 motion, we would effectively permit challenges far too stale to be brought in their own right, and sanction an end run around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly.

Id.

The same concerns are implicated here. As discussed above, Petitioner is essentially attempting to challenge the validity his state court armed robbery conviction in this § 2255 action through a claim of ineffective assistance of counsel, nearly 15 years after he was convicted in state court. If the Court were to permit such a belated challenge, it would no doubt have implications for the integrity of the judgments rendered in Georgia state courts. Moreover, Petitioner's only attempt to challenge his armed robbery conviction in state court was through a petition for a writ of error coram nobis filed in 2009, which was dismissed with prejudice. (See doc. no. 4, pp. 3-5).[6]

Accordingly, the Court finds that Daniels bars Petitioner's challenge to his state court conviction in this § 2255 proceeding, unless one notable exception applies. Indeed, the majority in Daniels recognized one exception to the general rule that state court convictions

---

[6]The Court is aware that Petitioner has also filed a separate § 1983 action challenging the validity of his state court armed robbery conviction and requesting that this conviction be expunged from his record. See Ellis v. Mullis, CV 310-025 (S.D. Ga. Mar. 8, 2010). However, the filing of this separate § 1983 action in no way establishes that Petitioner has successfully challenged his state court conviction. Indeed, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but *not to the fact or length of his custody*." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (emphasis added). Furthermore, a writ of habeas corpus is the only remedy available for prisoners attacking the validity of their conviction or the length of their confinement. Id. at 490; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983).

cannot be challenged in collateral proceedings in federal court: where a defendant challenges his prior state conviction on the ground that it was obtained in violation of the Sixth Amendment right to counsel under Gideon v. Wainwright, 372 U.S. 335 (1963). See Daniels, 532 U.S. at 382, 385. While Petitioner alleges that he was not represented by counsel in state court (see doc. no. 4, p. 3), the transcript of the guilty plea hearing in Telfair County, which Petitioner has attached to his § 2255 motion, demonstrates that Petitioner was represented at his guilty plea hearing and sentencing by counsel. (See id. at 17-19). Thus, the exception outlined by Daniels does not apply in this case. Accordingly, Petitioner may not bring a challenge to his prior state court conviction in this § 2255 action, and this challenge fails to provide a basis for relief.

## B. Challenge to Sentence Enhancements

Petitioner also contends that counsel was ineffective for failing to challenge enhancements to his federal sentence, which Petitioner states were based on other state charges that he was never convicted of. (See id. at 4). As noted above, Petitioner's plea agreement in CR 308-014 contained a limited waiver of appeal provision, under which Petitioner "voluntarily and expressly waive[d] the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding . . . ." CR 308-014, doc. no. 5, p. 8.

Notably, in accordance with the opinions of several other federal appellate courts, the Eleventh Circuit has held that "a valid sentence appeal-waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel

7

during sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (collecting cases from several other federal appellate courts reaching the same conclusion).

Here, Petitioner does not contend in his § 2255 motion that the waiver of his right to appeal was unknowing or involuntary. Furthermore, in signing the plea agreement, Petitioner specifically represented that he had entered the agreement "as a matter of [his] free and voluntary choice . . . ." CR 308-014, doc. no. 5, p. 10. Accordingly, Petitioner's attempt to challenge alleged enhancements to his sentence through a claim of ineffective assistance of counsel is barred by his appeal waiver and also fails to provide a basis for relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be **DENIED** as **MOOT** (doc. no. 2), that this § 2255 motion be **DENIED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of May, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE