ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR ELLIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-001 |
| | ) | (Formerly CR 308-014) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In this action filed pursuant to 28 U.S.C. § 2255, Petitioner has contended that counsel was ineffective for failing to challenge a state court conviction that Petitioner has alleged served as the basis for his federal conviction for possession of a firearm by a convicted felon. (See doc. no. 4, p. 4.) Petitioner has also alleged that counsel was ineffective for failing to challenge certain sentencing enhancements at Petitioner's sentencing. (See id.) The Magistrate Judge recommended that the § 2255 motion be denied because (1) Petitioner was impermissibly seeking to challenge a prior state conviction in these § 2255 proceedings, and (2) Petitioner's second challenge was barred by his voluntary appeal waiver contained in his plea agreement. (See generally doc. no. 7.)

Nothing in Petitioner's objections changes the Court's opinion with respect to the Magistrate Judge's Report and Recommendation. However, the Court is aware that Petitioner has filed a separate civil rights action pursuant to 42 U.S.C. § 1983 against the judge, his lawyer, and the prosecutor involved in his prior state court case, in which he challenges the conduct of these individuals and asks that the conviction be expunged from his record. See Ellis v. Mullis, CV 310-025 (S.D. Ga. Mar. 8, 2010) ("CV 310-025").

Petitioner's objections indicate that he is confused about the status of the two cases he has commenced, inasmuch as he contends that the Court has judged his two cases as "one situation." (Doc. no. 9, p. 1.) A review of the record in both cases reveals otherwise. To begin, Petitioner was informed in the Magistrate Judge's Report and Recommendation that the Court was aware that Petitioner had a separate § 1983 action pending. (See doc. no. 7, p. 6 n.6.) Notably, however, the Magistrate Judge has not made any recommendation in this case as to the validity of Petitioner's claims pending in CV 310-025. Furthermore, while the Court acknowledges that the instant action and CV 310-025 share similarities, in that they both involve Petitioner's prior state court conviction, the cases raise separate issues. Indeed, as noted above, the § 2255 motion alleges that Petitioner's counsel in federal court was ineffective for failing to challenge the validity of his state court conviction at his federal sentencing. The Magistrate Judge recommended, and the Court agrees, that this claim should be dismissed because Petitioner may not challenge the validity of an expired state conviction in a § 2255 proceeding. (See doc. no. 7, pp. 5-7.) On the other hand, Petitioner's § 1983 case challenges the conduct of individuals involved in his state court proceedings and does

not make any accusations against his counsel in federal court.[1] In sum, the cases raise separate issues that are being addressed in separate actions, and the record belies any contention that Petitioner's two cases have been treated as one. Thus, the Court finds that this argument is without merit, and this objection is **OVERRULED**.[2] Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the motion to proceed *in forma pauperis* is **DENIED** as **MOOT** (doc. no. 2), and the § 2255 motion is **DENIED**.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in <u>Slack v. Daniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[3] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken

---

[1] The Court notes that Petitioner has been granted permission to proceed *in forma pauperis* in CV 310-025 and, pursuant to the provisions of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, has been directed to complete and return the requisite forms so that his complaint can be screened. CV 310-025, doc. nos. 4, 5.

[2] The remainder of Petitioner's objections are likewise without merit and are also **OVERRULED**.

[3] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3

in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Clerk is directed to **CLOSE** this civil action and **ENTER** an appropriate judgment.

SO ORDERED this 28th day of June, 2010, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

4